Judge Roane
pronounced the Court’s opinion.
This is an action brought by the appellee, as assignee, of a bond, against the assignor, on the ground of not being able to recover it’s amount from the obligor, altho’ *322 s^e *ia<^ use<^ ^ue ^*bgence i° recover it fi’om him. Issue was joined on the plea of non assumpsit; and tlxe question whether due diligence had been used or not, is directly *n *ssue between the parties. It is that question upon which the decision of the cause is entii-ely to turn.
At the tx-ial, a demurrer to evidence was tendei’ed by the defendant, and joined by the plaintiff. The demurrer sets out a record of a suit, by the appellee against Baylor the obligor, in the District Coui’t. This record states the time of filing the hill, but is wholly silent as to that of taking out the writ, although it is evident that that Epoch may be very important on tlxe question in issue between the pai’ties. On thatBemuxTer a Judgment was rendered in the County Coui’t for the defendant. Had it been shewn that the suit had been instituted at an earlier day, (as doubtless it might,) the decision on the demui’rer might have been different. The Judgment of the County Court was reversed by the Supex’ior Court, and judgment rendered for the debt.
It is a principle that “ the whole proceeding upon a Demuri’er to Evidence is under the control of the Judge, befoi’e whom the trial is had;” Gibson v. Hunter, 2 H. Bl. rep. 208; so the notes of the testimony ave taken down by the Judge or his associate, and signed by Counsel. Buller’s N. P., 313; 5 Bac. 468. If that be the case, the Court should require that fact to be stated in the Demuri-er, on which alone the point in issue must depend, and which the Court judicially knows has an existence. The Coui’t judicially knows that evei’y declaration is founded on a "Writ, and that the latter is prior in point of time to the former. If, owing to mistake or other causes, this material fact be omitted, without which the mei’its of the case can not be decided, and that thro* the default of the superintending tribunal, (the Coui’t,) it ought to be corrected for the sake of justice, and on the principle, that it is incident to a Coui’t to correct it’s own errors. If a Court has power to set aside a case agreed, which is the act of the parties, or a special vex’dict, which is the act of the Jury, because they omit to find facts material to the decision of the point in issue. *323 it would seem to have that power a fortiori in the case before us; in a case in which the fault is in some sense it’s own. But this point does not rest on general reasoning. It is laid down in the case of Cocksedge v. Fanshaw, (Dougl. 132, J that the reason of resorting to a Demurrer to Evidence, is “ because the Jury may refuse to find a “ special verdict, and then the facts never appear “ of record; but that, whether the case comes before the “ Court on a demurrer to evidence, or a special verdict, “ the law is the same:” that is, as we presume, the necessary facts must be shewn in the former case, as well as in the latter. The case before us being of a record, in which, it is judicially known to the Court that a Writ existed, and preceded the filing of the bill, our decision v, ill have no effect as to cases in which ulterior evidence may or may not exist, and in which it is not certainly known to the Court that it does exist. In such cases, the party must abide by the testimony he has exhibited. But, in this case, the Court, for it’s own sake, and in order to get at the real merits, should have called for a fact, which it judicially knew had existence, and for want of which, a decision contrary to the right of the cause may have taken place.
The Court in this case should say, as it has often said in relation to special verdicts, and as it did in relation to an agreed case in Brewer v. Opie, 1 Call 214, that the same were, respectively, too uncertain for a judgment to be given thereon. It ought to say, as was said, in effect, in the case of Gibson v. Hunter in the House of Lords in England, (2 H. Bl. 207,) that this demurrer has been so negligently framed that there are not the necessary facts, on which a judgment can be founded. It ought to say, as was said in the last mentioned case, that a venire de novo ought to be awarded, because “ the issue “joined between the parties, in ffect, has not been tried.” It has not been tried by the Jury, owing to it’s translation to the foram of the Court by the demurrer; nor by the Court, for the want of the necessary facts whereon to ground it’s decision. In this case, therefore, as in that, and in the case of Wright v. Pindar quoted in it* the De *324 murrer should be set aside, and a venire de novo awarded.
The Judgments of both Courts are therefore to be reverse<^ the demurrer to evidence set aside, and a venire de novo awarded. We do not regret that the cause thus goes off without a decision on the merits. The points embraced in those merits are very important, and we hope may hereafter receive the consideration of a fuller Court.